UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARLA BARKER,

                    Plaintiff(s),

- against -

IZIA ROKOSZ, JANELLE DEFREITAS, STEVEN G. LEGUM, FRANK RICHARD HURLEY, GREGG TELSEY, ROBERT FISHBEIN, BETTY J. HINGLE, ROYCE LLC, JACKIE MARKETING LLC, LOCKDECO A/K/A/ LODECO, "JOHN DOE #1" through "JOHN DOE #100," said names being fictitious and unknown, the parties intended being persons or corporations, if any, having participated in the enterprise described in the complaint,

                    Defendant(s).

Case No. CV 19-514

ANSWER

Defendants, ROBERT FISHBEIN and JACKIE MARKETING LLC, by and through their attorneys, THE YITZHAK LAW GROUP, for their answer to Plaintiff's Complaint, answer the complaint herein as follows:

1. Deny each and every allegation contained in paragraphs numbered as 2, 3, 38, 59, 69, 195, 196, 197, 198, 199, 200, 201, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219.

2. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered as 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 60, 61, 62, 63, 64, 65, 66, 67, 68, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 135, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135 136, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154,

155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 202, 203, 204, 205, 206, 207, 208, 209.

3. Defendants further deny that Plaintiff is entitled to any of the relief sought in the wherefore clauses.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

4. Plaintiff's complaint fails to state a claim against Defendants upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5. Plaintiff's complaint is barred by the Statute of Frauds.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6. Plaintiff's complaint is barred by the equitable doctrines of Waiver, Estoppel, Equitable Estoppel, Laches and unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7. The occurrence or occurrences for which Plaintiff seeks relief was or were caused by third parties over whom Defendants have neither control nor right of control and for whose actions Defendants are not liable.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8. The damages claimed by Plaintiff are not the result of the any alleged act or failure to act on the part of Defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9. Plaintiff is estopped and barred by her own conduct from recovering any damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10. Defendants did not owe any duty to Plaintiff.

## AS AND FOR A EIGHT AFFIRMATIVE DEFENSE

11. Defendants did not make any misrepresentations to Plaintiff or engage in any fraud.

## AS AND FOR A NINGHT AFFIRMATIVE DEFENSE

12. Plaintiff is not entitled to any recovery under RICO because she cannot satisfy RICO's requirements concerning proximate cause, a pattern of racketeering activity, a RICO enterprise, predicate acts of mail or wire fraud, or RICO conspiracy. Further, the alleged predicate acts here, asserted misrepresentations supposedly made in court filings, cannot constitute RICO predicate acts as a matter of law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

13. The damages claimed by Plaintiff did not result from and was not proximately caused by any wrongful conduct on the part of the Defendants.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

14. Plaintiff's allegations are insufficient to support a claim under New York General Business Law § 349, as Plaintiff does not tie her allegations to a "consumer-oriented" practice by the Defendants. There is no allegation that any of Defendants' purported conduct was a consumer-oriented practice for the purpose of the General Business Law.

**WHEREFORE**, Defendants demand judgment against Plaintiff in this action, granting the following relief:

1. Dismissing Plaintiff's complaint in its entirety;

2. Granting the Defendants any further relief as the Court deems just and proper.

Dated: Great Neck, New York
April 30, 2019

**THE YITZHAK LAW GROUP**
*Attorneys for Defendants Robert Fishbein and Jackie Marketing LLC*

By: /s/ Lavinia A. Acaru
Lavinia A. Acaru

17 Barstow Road, Suite 406
Great Neck, New York 11021
(516) 466-7144