

1 Bridge Street, Suite 83, Irvington, NY 10533 / 718.705.4579
www.RichmanLawPolicy.com

March 17, 2022

**VIA ECF**
Honorable James R. Cho
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Barker v. Rokosz*, et al. 19-cv-514-KAM-JRC

Dear Judge Cho:

My firm, along with Mobilization for Justice, represents Plaintiff Carla Barker in the above-captioned litigation. I write to report that Plaintiff Barker and Defendants Gregg Telsey and Royce LLC (the "Royce Defendants"), have reached an agreement in principle to resolve Plaintiff's claims against these defendants, and to request that the Court exercise its discretion to retain jurisdiction over certain provisions of the proposed agreement until the conclusion of the instant action. The Royce Defendants join in this request.[1]

As a material component of the potential agreement between Plaintiff and the Royce Defendants, the Royce Defendants have agreed to cooperate with Plaintiff, pursuant to the provisions set forth below. The prospect of such cooperation is valuable to Plaintiff largely to the extent that she has an efficient and reliable means of enforcing the terms of such cooperation in a manner responsive to needs of the ongoing litigation. A final agreement between Plaintiff and the Royce Defendants may therefore depend on whether the Court is willing to retain jurisdiction over the provisions of the settlement governing the Royce Defendants' cooperation with Plaintiff for the duration of this action. As the Parties wish for the remaining terms of their agreement be confidential, they do not seek to enter their agreement as a traditional consent decree.[2]

The provisions of the settlement governing the Royce Defendants' cooperation with Plaintiff (hereinafter, the "Cooperation Provisions") as contemplated by the Parties are as follows:

**Cooperation Provision (a)**. The uniform definitions and rules of construction set forth in Eastern District of New York Local Civil Rules 26.3(c) and (d) are hereby incorporated by

---

[1] The Court approved a similar request made by Plaintiff and Defendants Robert Fishbein and Jackie Marketing LLC, who were subsequently voluntarily dismissed from the instant action. (*See* DE Nos. 68, 89; Minute Order dated July 22, 2019.)

[2] Should the Court wish to review the full agreement prior ruling on the Parties' request, the Parties would propose to submit the document *ex parte* as to the other Defendants to the action.

1



reference into these Cooperation Provisions and shall apply in interpreting or construing of the Cooperation Provisions.

**Cooperation Provision (b)**. To the extent not already disclosed to Plaintiff's counsel and to the extent known and in the possession, custody and control of Telsey and/or Royce, the Royce Defendants agree to make complete and truthful disclosure to Plaintiff of all information concerning the following:

> i. the property located at 611 East 48th Street, Brooklyn, New York 11203 (the "subject property");
>
> ii. Izia Rokosz, Steven G. Legum, Janelle Defreitas, and Lockdeco a/k/a Lodeco (the "Remaining Defendants") insofar as it relates to the subject property;
>
> iii. all activities by or on behalf of Plaintiff, J&M, Telsey, and/or any Remaining Defendant(s) concerning any loan, mortgage, or other transaction referenced in the complaint filed in this Action (collectively, the "Transactions");
>
> iv. any form of business, trade, or commerce in which Telsey and/or Royce have participated directly or indirectly with any Remaining Defendant(s);
>
> vii. any services Telsey and/or Royce have furnished to, received from, or furnished on behalf of any Remaining Defendant(s);
>
> viii. all contact, conversations, and communications between or among Telsey individually, or on behalf of Royce, and any Remaining Defendant(s) relating to the subject property or the Transactions; and
>
> ix. all contact, conversations, and communications between or among any Remaining Defendants relating to the subject property or the Transactions.

**Cooperation Provision (c)**. To the extent not already produced to Plaintiff's counsel Telsey and/or Royce, the Telsey Defendants agree to conduct a reasonable search of their records and to make available to Plaintiff Carla Barker, within fifteen (15) days of the date on which this Agreement shall have been executed by all parties (the "Effective Date"), all of the following categories of documents to the extent those documents are in their possession, custody, or control:

> i. all documents concerning the subject property and the Transactions;
>
> ii. all documents concerning any money, property, or other asset(s) Telsey or Royce has received from, furnished to or furnished at the direction of



Plaintiff, J&M, or any Remaining Defendant(s), either directly or indirectly, insofar as such relates to the subject property or the Transactions;

iii. all documents concerning any money, property, or other asset(s) any Remaining Defendant has received from, furnished to or furnished at the direction of Plaintiff, J&M, or any other Remaining Defendant(s), either directly or indirectly, insofar as such relates to the subject property or the Transactions.

iv. all documents concerning any money, property, or other asset(s) Telsey or Royce has received from or furnished to any person(s) as the direct or proximate result of an action taken by, on behalf of or at the direction of Plaintiff or J&M, a communication made by or on behalf of Plaintiff or J&M Holdings, or an omission by or on behalf of Plaintiff or J&M;

v. all documents concerning any money, property, or other asset(s) any Remaining Defendant has received from or furnished to any person(s) as the direct or proximate result of an action taken by or on behalf of Plaintiff or J&M Holdings, a communication made by or on behalf of Plaintiff or J&M Holdings, or an omission by or on behalf of Plaintiff or J&M;

vi. all documents concerning any money, property, or other asset(s) Telsey or Royce has received from or furnished to any person(s) as the direct or proximate result of an action taken by or on behalf of any Remaining Defendant(s), a communication made by or on behalf of any Remaining Defendant(s), or an omission by or on behalf of any Remaining Defendant(s) with respect to the subject property or the Transactions;

vii. all documents concerning any money, property, or other asset(s) any Remaining Defendant has received from or furnished to any person(s) as the direct or proximate result of an action taken by or on behalf of any Remaining Defendant(s), a communication made by or on behalf of any Remaining Defendant(s), or an omission by or on behalf of any Remaining Defendant(s) with respect to the subject property or the Transactions;

viii. all non-privileged documents concerning or constituting any contact, conversation, or communication that is both: (a) to, by, from, among, between, or on behalf of any person(s) identified in the complaint filed in this action (including the parties themselves) or identified in any party's disclosures made pursuant to Fed. R. Civ. P. 26(a)(1); and (b) concerning the subject property, Plaintiff, J&M, or any loan, mortgage transaction, or other real estate transaction referenced in the complaint filed in this Action;



      ix. all documents concerning or constituting any contact, conversation, or communication among or between any Remaining Defendant(s) and Plaintiff and/or J&M;

      x. all documents concerning or constituting any contact, conversation, or communication among or between any Remaining Defendant(s) relating to the subject property or the Transactions;

      xi. all documents concerning or constituting any contact, conversation, or communication among or between Telsey, individually or on behalf of Royce, and Plaintiff and/or J&M;

      xii. all documents concerning or constituting any contact, conversation, or communication among or between Telsey, individually or on behalf of Royce, and any Remaining Defendant(s) with respect to the subject property or the Transactions; and

      xiii. all documents concerning any services Telsey and/or Royce have furnished to, received from, or furnished on behalf of any Remaining Defendant(s) insofar as such services relate to the subject property or the Transactions.

**Cooperation Provision (d)**. Upon no less than fifteen (15) days' notice, Telsey in his individual capacity and in his capacity as sole member of Royce shall make himself available for interview by counsel to Plaintiff, with Telsey's counsel present, at a mutually convenient time and place concerning the matters previously testified to Plaintiff's counsel by Telsey and Royce and identified in Cooperation Provision (b) and the documents previously produced to Plaintiff's counsel by Telsey and Royce and produced pursuant to Cooperation Provision (c).

**Cooperation Provision (e)**. Upon reasonable notice, Defendant Telsey in his individual capacity and in his capacity as sole member of Royce agrees to provide a sworn statement to the extent that the requested statement is wholly truthful and accurate as to information known to him concerning the matters previously testified to Plaintiff's counsel by Telsey and Royce and identified in Cooperation Provision (b) and the documents previously produced to Plaintiff's counsel by Telsey and Royce and produced pursuant to Cooperation Provision (c).

      Courts have acknowledged that the cooperation of settling defendants can benefit plaintiffs in their prosecution of claims against non-settling defendants and can facilitate more efficient resolution of the litigation as a whole. *See, e.g.*, *Precision Assocs. v. Panalpina World Transp., Ltd.*, No. 08-cv-42 (JG) (VVP), 2013 U.S. Dist. LEXIS 121795, at \*38 (E.D.N.Y. Aug. 27, 2013) ("[A]s a result of many of these defendants' bargained-for cooperation, these settlement agreements may facilitate a more expeditious outcome of the remaining claims, and may advance



the final resolution of this litigation"); *In re Linerboard Antitrust Litig.*, 292 F.Supp. 2d 631, 643 (E.D. Pa. 2003) (cooperation of settling defendants is a "benefit of the settlement that does not have a precise monetary value").

These considerations are present here. Cooperation by the Royce Defendants would afford Plaintiff a benefit for which there is no ready substitute at this point; and it would replace formal discovery between party adversaries with a more immediate and cooperative means for Plaintiff to obtain information.

For the foregoing reasons, Plaintiff and the Royce Defendants respectfully request that the Court agree to retain jurisdiction over the contemplated Cooperation Provisions for the duration of this action.

Respectfully submitted,

*/s/ Kim E. Richman*
Kim E. Richman
**Richman Law & Policy**
1 Bridge St. Suite 83
Irvington, NY 10533
Tel: 718-705-4579
krichman@richmanlawpolicy.com


*/s/ Belinda Luu*
Belinda Luu
**Mobilization for Justice, Inc.**
100 William Street, 6th Floor
New York, NY 10038
Tel: 212-417-3866
bluu@mfjlegal.org

*Attorneys for Plaintiff*