

MARC WOHLGEMUTH & ASSOCIATES, P.C.
ATTORNEYS AT LAW

MARC WOHLGEMUTH*

*Associates*
ILANA BLASS
SUSAN SYTNER*‡
JEREMY DOBERMAN*

*Also admitted in New Jersey*
‡*Also admitted in S. Carolina*

April 13, 2022

<u>Via ECF</u>
Hon. James R. Cho, U.S.M.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Barker v. Rokosz, et al.*
             Case No.: 19-00514-KAM-JRC

Dear Judge Cho:

    This firm represents Defendant Izia Rokosz (hereinafter "Mr. Rokosz") in the above-referenced case. I write to provide Mr. Rokosz's update for the Court as to the status of discovery and to respond to Plaintiff's letter filed a short time ago in which it purported to provide an update as to the status of discovery. Unfortunately, Plaintiff's letter is inaccurate in several respects.

    First, Plaintiff's letter mischaracterizes the March 7 Order. The March 7 Order did not require Mr. Rokosz to produce "documents **underlying** or reflecting payment history for the Four Other Loans," as Plaintiff's letter contends. ECF Dkt. No. 251, at 1 (emphasis added). Rather, the Order required Mr. Rokosz to produce, if he had such a document, a payment history[1] for each of the Four Other Loans; nothing was stated in the Order about documents **underlying** the payment history.

    Significantly, the March 7 Order arose out of a two-hour-long conference held before the Court on March 7, at which this issue was discussed at length. At that conference, Mr. Rokosz expressly objected several times to the idea of having to search for and produce various documents underlying the payment history, and the Court repeatedly questioned Plaintiff's counsel on this and validated Mr. Rokosz's concerns. An email conveniently omitted from Plaintiff's status report (which is not really a status report but instead seems to be a letter motion for a discovery order), which email explains our understanding of what Mr. Rokosz agreed and the Court ordered be produced, is annexed hereto as **Exhibit A**. The Court actually ordered Mr. Rokosz to produce the payment history for the one-year term of the loan "if you have payment history for that one-year period." Hr'g Trans., 42:22. Because no such document is available for three of the loans, Mr. Rokosz has responded that he has no documents to provide on those. With regard to

---

[1] Payment history is typically a ledger kept by a lender of the account of the borrower. It lists payments received, the date payments were received, and the date to which payments were applied.

21 REMSEN AVENUE • SUITE 301 • MONSEY, NY 10952
845-746-2700 • FAX 845-746-2701

the Muhammad loan, Mr. Rokosz has provided the documents showing the crediting back to the borrower of the amounts that had been held in escrow,[2] which itself is evidence of the payments made during the one-year term (under the particular circumstances of that loan), which were the only payments ever made; contrary to Plaintiff's assertion, these documents are responsive to the demand for proof of payments. In addition, Plaintiff's letter does not mention that Mr. Rokosz has now supplemented his responses to advise that he does not have payment history or documents underlying it for the Josephs loan, which was the earliest of the Four Other Loans.

Plaintiff wishes to read the March 7 Order, in its portion relating to proof of payments, to require the production of all documents underlying the payment history for the first year (in other words, for example, requiring the production of all bank statements showing at least one payment made during the term of the loan). This cannot have been what the Court ordered because it would impose upon Mr. Rokosz the obligation to search for and produce all documents reflecting any payments made during the term of the loan. Rather, as the Court recognized, if there was a payment history, it was to be produced, and Mr. Rokosz was to further provide the information regarding payments made from escrow or for prepaid interest. Mr. Rokosz has provided the latter information for all loans, provided the best approximation of payment history he has for the Muhammad loan, advised that he does not have the information available for Josephs (which had neither escrow nor prepaid interest), and advised that a search is underway for the information responsive to the Anthony and Gently LLC portions. To the extent Plaintiff reads the first prong of the March 7 Order to be two separate items, this is wrong; the Court at the March 7 conference emphasized that the important thing is that Plaintiff get the information it is seeking, which relates to when payments were received and applied, and that is the information that in the case of Muhammad has been provided, in the case of Josephs is not available, and in the case of Anthony and Gently LLC is being searched for and should be available shortly.[3]

Regarding the proof of funding issue, Plaintiff's letter totally omits the discussion had in the April 11 meet and confer. As counsel was and is aware, Mr. Rokosz has explained that proof of funding of a loan is a matter that is best addressed by Mr. Legum, who was the attorney who received the funding, oftentimes from multiple sources, in order to make the loan disbursements. In fact, the Court at the March 7 conference recognized this and directed Mr. Rokosz to do the "outreach to Mr. Legum." In fact, Mr. Rokosz did that outreach, corresponding with Mr. Legum both before and after the mediation. Within the last 48 hours, Mr. Legum has confirmed that he is working on producing proof of funding for Josephs and Muhammad and should have it shortly (to the extent not already produced; some of the documents already produced and re-produced by Mr. Rokosz recently were responsive). Muhammad, in particular, was a loan with a co-lender, and thus the likelihood is extremely high that Mr. Rokosz would never have had all funding information for this loan. It is my understanding that Mr. Legum has been in touch with Plaintiff's counsel regarding that.

---

[2] Plaintiff takes issue with the fact that most of these documents were publicly filed documents. That does not mean that the documents are not probative

[3] The most recent of these loans, Gently LLC, is more than five years old.

Regarding the letter's assertion that "Plaintiff will not accept the production of any of these items by inadmissible responses to RFPs signed by Rokosz's counsel," this is a strange statement for the simple reason that the Court ordered information produced, and Mr. Rokosz has done it and is continuing to seek to obtain information in order to do it. Plaintiff has not raised directly with the undersigned any issues regarding the method of the production of the information, and this appears to be just a rhetorical point inserted gratuitously into Plaintiff's letter. The Court did not grant Plaintiff the right to propound new interrogatories or the like, and there can be no dispute (a) that Mr. Rokosz is attempting to provide the information whose production was directed or (b) that Mr. Rokosz would be held on summary judgment or at trial to the information supplied in these supplemental responses. Had Plaintiff seriously taken issue with the method of producing the information, counsel would have directed his concern regarding the method of production to me, and we could have discussed the issue.

The foregoing is a trend in this case, whereby Plaintiff seeks the Court's intervention on matters involving discovery without having done a full meet and confer process. Plaintiff did not and still has not responded to the email attached as Exhibit A, and the parties have not had an opportunity to meet and confer regarding it. Plaintiff's letter seeks to excoriate Mr. Rokosz for a very small delay of less than a week in producing the information that is responsive to a large portion of what was ordered produced, for taking additional time to search for information dating from over half a decade ago, and for working with Mr. Legum (against whom discovery was stayed pending mediation) to try to produce the rest of the documents.

Finally, Mr. Rokosz foresees that in light of Plaintiff's letter and a dispute regarding what the Court has ordered, the Court may be inclined to hold a further conference on the matter or direct further meet and confer. Should the Court wish to do so, undersigned counsel respectfully advises the Court that he is departing tomorrow on an international flight for the holidays and will not be returning until April 24th. Should the Court order further meet and confer, Mr. Rokosz respectfully requests that it be done by April 27, which is the date by which Plaintiff's letter requested an order requiring further production (by which date Mr. Rokosz anticipates he will have made significant further disclosure and the issues may be narrowed).

Mr. Rokosz and undersigned counsel thank the Court for its kind consideration. Please do not hesitate to contact me should Your Honor have any questions or concerns.

Respectfully submitted,

___/s/Jeremy M. Doberman_____
Jeremy M. Doberman

cc: All counsel of record (via ECF)