

1 Bridge Street, Suite 83, Irvington, NY 10533 / 718.705.4579
www.RichmanLawPolicy.com

**VIA ECF**

April 18, 2022

The Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East,
Brooklyn, New York 11201

  Re: *Barker v. Rokosz et al.*, Case No. 1:19-cv-00514-KAM-JRC

Dear Judge Matsumoto:

My office, along with Mobilization for Justice, represents Plaintiff Carla Barker in the above-referenced action. We write pursuant to Local Rule 7.1(d) and the Court's Individual Practice Rules to request a pre-motion conference to move to strike Defendant Janelle Defreitas' Answer to Plaintiff's Amended Complaint (ECF No. 247) and to enter a default judgment against Defendant Defreitas. (ECF No. 245).

Plaintiff initiated the above-captioned action over three years ago on January 25, 2019. (ECF No. 1). Defreitas was served on February 5, 2019. (ECF No. 17). On July 6, 2020, after Plaintiff filed a motion to amend the complaint, Defreitas filed a motion to dismiss this action. (ECF No. 148.) The motion was denied because Defreitas did not follow the Court's Individual Practice Rules. (ECF Minute Order of 8/5/2020.) On August 19, 2020, the Court held a pre-motion conference and permitted Defreitas to again move to dismiss, ordering Defreitas to "serve, but not file, her motion to dismiss the proposed amended complaint (*see* ECF No. 152-3) no later than Wednesday, September 9, 2020[.]" (ECF Minute Order of 8/19/2020.) Defreitas did not comply with the Court's order. Instead, Defreitas filed a "Legal Letter Motion for a [*sic*] Urgent Second Pre-Motion Conference" (ECF No. 170), which was denied because "Ms. Defreitas did not otherwise file her motion to dismiss by the so-ordered . . . deadline. Moreover, Ms. Defreitas' 'Legal Letter Motion,' concerns factual disputes . . . ; references papers supposedly submitted to the court, but which . . . cannot be located; and otherwise fails to demonstrate that the amended complaint is legally insufficient." (ECF Minute Order of 10/5/2020.) The Court further ordered that Defreitas was "foreclosed from moving to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6)." (*Id.*)

Plaintiff filed her Amended Complaint on March 24, 2021. (ECF No. 174). Defreitas did not file an Answer to Plaintiff's Amended Complaint and did not attend or participate in any of the subsequent Court conferences. Defreitas was deposed on September 24, 2021. While Ms. Defreitas had been proceeding *pro se*, she had an attorney file an appearance on her behalf on September 24, 2021. (ECF No. 205.) Still, Defreitas' non-responsiveness continued, and she did not file a responsive pleading to Plaintiff's Amended Complaint. On March 18, 2022, Plaintiff requested an entry of default against Defreitas. (ECF No. 244.) The Clerk entered Defreitas's default on March

1



24, 2022. (ECF No. 245.) On March 28, 2022, Defreitas filed an extremely untimely Answer to the Amended Complaint. (ECF No. 247.)

Plaintiff's anticipated motion to strike Defreitas's untimely Answer should be granted because Defreitas's default was egregious, not properly explained, did not present any meritorious defenses, and any further delay will prejudice Plaintiff. A motion to strike an answer based on untimeliness "properly arises under the Court's authority to enforce the deadline for filing an answer established by the Fed. R. Civ. P. 12(a)(2). Generally, such a motion is governed by the same standard that governs a motion to set aside an entry of default." *Car-Freshner Co. v. Air Freshners, Inc.*, No. 7:10-CV-1491, 2012 US Dist. LEXIS 112826, at *13 (N.D.N.Y. Aug. 10, 2012). Under this standard, courts should consider "'(1) whether the default was willful; 2) whether [the delay in filing] would prejudice the adversary; and (3) whether a meritorious defense is presented,' along with "[o]ther relevant equitable factors . . . for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would produce a harsh or unfair result." *Skyline Steel, LLC v. Pilepro, LLC*, No. 13-CV-8171, 2015 US Dist. LEXIS 27436, at *7 (S.D.N.Y. Mar. 5, 2015).

Defreitas' knowledge of the case and extended delay in answering demonstrate that her default was willful. "A default is willful when the conduct is 'more than merely negligent or careless,' but is instead 'egregious and not satisfactorily explained.'" *Lopez v Mohammed*, No. 14-CV-4443 (PKC) (MDG), 2017 US Dist. LEXIS 157819, at *21 (E.D.N.Y. Sep. 26, 2017) (citations omitted). Here, Defreitas was properly served, retained counsel, and had ample opportunity to file a responsive pleading to the Amended Complaint. (*See* ECF Nos. 17, 205; ECF Minute Orders of 8/5/2020, 8/19/2020, 10/5/2020.) In fact, although Defreitas defaulted in responding to Plaintiff's initial complaint, the Court granted Defreitas' request to serve a responsive pleading to Plaintiff's Proposed Amended Complaint before it was even filed as an Amended Complaint. (ECF Minute Order of 8/19/2020.) Defreitas did not comply with the Court's deadline and failed to act for over 18 months. Defreitas only filed her Answer after an entry of default was entered against her. (ECF No. 245.) Defreitas' Answer does not set forth any explanation at all for her egregious delay.

Defreitas' untimely answer provides no factual allegations constituting a meritorious defense. In establishing a meritorious defense, a defendant "bear[s] the burden of presenting evidence establishing a complete defense." *Gesualdi v. Quadrozzi Equip. Leasing Corp.*, No. 11-CV-115 (RJD) (VMS), 2016 US Dist. LEXIS 173713, at *10 (E.D.N.Y. Dec. 15, 2016). "[A] defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense." *Pecarsky v. Galaxiworld.com, Ltd*., 249 F3d 167, 173 (2d Cir. 2001). "Such a defendant must 'articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a serious question as to the validity of those allegations.'" ." *Lopez v. Traffic Bar & Rest., Inc.*, No. 12 Civ. 8111 (JCF), 2015 US Dist. LEXIS 15235, at *12 (S.D.N.Y. Feb. 9, 2015). Here, Defreitas does not present any evidence whatsoever in establishing a complete defense. Rather, her Answer sets forth four conclusory affirmative defenses consisting of one sentence each. (ECF No. 247). Defreitas offers no information regarding what facts, actions, or inactions support any of her defenses or cross-claim. Thus, her Answer is insufficient as a matter of law. *See, e.g.*, *Painewebber, Inc. v. Int'l. Mobile*



*Machs. Corp.*, No. 91-CV-7353, 1992 U.S. Dist. LEXIS 3740, at *5 (S.D.N.Y. Mar. 30, 1992) ("while an answer need not include a detailed statement of the applicable defenses, a defendant must do more than make conclusory allegations."); *Coach, Inc. v Kmart Corps.*, 756 F Supp 2d 421, 430-431 (S.D.N.Y. 2010) (granting motion to strike defendant's affirmative defense of unclean hands because the responsive pleadings "lack[ed] any . . . allegations of inequitable or bad faith conduct by Plaintiff . . . there is no question of fact or law that might allow [Defendant's] unclean hands defense to succeed . . . Thus, there is no question of fact or law that might allow Defendant['s] [unclean hands defense] to succeed").

Finally, Defreitas' delay is prejudicial to Plaintiff, as Plaintiff and other named Defendants (the "Parties") are near the conclusion of an extensive discovery process. In considering whether the delay in filing would be prejudicial to Plaintiff, "the court must take into account more than mere delay or passage of time", but delay is prejudicial when it "create[s] increased difficulties of discovery." *Lopez*, 2015 US Dist. LEXIS 15235, at *12-13. Defreitas' late Answer was filed at least 18 months after Defreitas was on notice of Plaintiff's Proposed Amended Complaint, and over three years after Plaintiff commenced this action. In that time, the Parties have engaged in extensive motion practice and nearly completed discovery. The Court has issued multiple scheduling orders, decided multiple motions to compel and repeatedly extended the end of discovery. If Defreitas is allowed to insert completely new defenses and a cross-claim, the Parties will have to reevaluate the scope of discovery and explore the factual basis of those claims and defenses. Allowing Defreitas to assert legally insufficient defenses and claims at this stage will only serve to increase the duration and expense of litigation for all Parties.

In light of the foregoing, Plaintiff respectfully requests that the Court strike Defreitas' untimely Answer. (ECF No. 247.) Alternatively, Plaintiff respectfully seeks a pre-motion conference and/or briefing schedule for Plaintiff's Motion to Strike Defendant's Late Answer and Motion for Default Judgment against Defendant Defreitas. Pursuant to the Court's Individual Practice Rule IV(B)(1), Plaintiff proposes the following briefing schedule: Plaintiff to serve her Motion to Strike and Motion for Default Judgment by May 16, 2022. Defendant Defreitas to serve any responsive briefing by June 6, 2022. Plaintiff to serve her reply, if any, by June 20, 2022.

    Respectfully submitted,

    */s/ Kim E. Richman*
    Kim E. Richman
    **Richman Law & Policy**
    1 Bridge St. Suite 83
    Irvington, NY 10533
    Tel: (718) 705-4579
    krichman@richmanlawpolicy.com

    *Attorney for Plaintiff*

**cc:** all counsel of record via ECF