UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CARLA BARKER,

        Plaintiff,

-against-

IZIA ROKOSZ, JANELLE DEFREITAS, STEVEN G. LEGUM, LOCKDECO A/K/A LODECO, "JOHN DOE #1" through "JOHN DOE #100," said names being fictitious and unknown, the parties intended being persons or corporations, if any, having participated in the enterprise described in the complaint,

        Defendants.

19 Civ. 00514 (KAM) (JRC)

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT DEFREITAS'S LATE ANSWER AND <u>MOTION FOR DEFAULT JUDGMENT</u>

Mobilization for Justice, Inc.
100 William Street, 6th Floor
New York, New York 10038
(212) 417-3700

Richman Law & Policy
1 Bridge St., Suite 83
Irvington, NY 10533
(718) 705-4579

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND .................................................................................................................... 1

ARGUMENTS ....................................................................................................................... 3

   I.    DEFENDANT DEFREITAS'S UNTIMELY ANSWER SHOULD BE STRICKEN. ....... 3

      A. Defendant's Default Was Willful, Egregious, and Not Satisfactorily Explained............... 4

      B. Defendant Has Not Presented a Meritorious Defense in Her Untimely Answer. ................ 6

      C. Defendant's Delay Will Prejudice Plaintiff. ........................................................................ 7

   II.    A DEFAULT JUDGMENT SHOULD BE ENTERED AGAINST DEFREITAS. ............ 8

CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

## Cases

*Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68 (E.D.N.Y. 2020) (Matsumoto, J.) .......... 9

*Barker v. Rokosz*, No. 19-CV-00514 (KAM), 2021 U.S. Dist. LEXIS 51702 (E.D.N.Y. Mar. 18, 2021) ................................................................................................................................ 7, 9

*Church & Dwight Co. v. Kaloti Enters. of Mich., L.L.C.*, No. 07 Civ. 0612 (BMC), 2011 U.S. Dist. LEXIS 110955 (E.D.N.Y. Sep. 27, 2011) ................................................................................ 4

*Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421 (S.D.N.Y. 2010) ............................................ 6

*Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993) ........................................................... 8

*Gesualdi v. Quadrozzi Equip. Leasing Corp.*, No. 11-CV-115 (RJD) (VMS), 2016 US Dist. LEXIS 173713 (E.D.N.Y. Dec. 15, 2016) ................................................................................. 6

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155 (2d Cir. 1992) ................. 8

*Jaramillo v. Vega*, 675 Fed. Appx. 76 (2d Cir. 2017) ................................................................... 4

*Lopez v Mohammed*, No. 14-CV-4443 (PKC) (MDG), 2017 US Dist. LEXIS 157819 (E.D.N.Y. Sep. 26, 2017) .............................................................................................................................. 4

*Lopez v. Traffic Bar & Rest., Inc.*, No. 12-CV-8111 (JCF), 2015 US Dist. LEXIS 15235 (S.D.N.Y. Feb. 9, 2015) .............................................................................................................................. 7

*Maas v. Spencer Leasing Corp.*, No. 12-CV-2951 (ADS) (AKT), 2013 U.S. Dist. LEXIS 134426 (E.D.N.Y. Sept. 18, 2013) ................................................................................................ 7, 8, 9

*Merill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246 (7th Cir. 1990) .................................... 8

*Painewebber, Inc. v. Int'l. Mobile Machs. Corp.*, No. 91-CV-7353, 1992 U.S. Dist. LEXIS 3740 (S.D.N.Y. Mar. 30, 1992) ........................................................................................................... 6

*Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167 (2d Cir. 2001) ............................................ 6, 8

*S.E.C. v. McNulty*, 137 F.3d 732 (2d Cir. 1998) ........................................................................ 4, 6

*Skyline Steel, LLC v Pilepro, LLC*, No. 13-CV-8171, 2015 US Dist LEXIS 27436 (S.D.N.Y. Mar. 5, 2015) ............................................................................................................................. 3

*U.S. v. U.S. Currency in Sum of Two Hundred Sixty One Thousand Four Hundred and Eight Dollars*, No. 00-CV-3028 (FB), 2002 U.S. Dist. LEXIS 7779 (E.D.N.Y. May 2, 2002) ........... 4

**Statutes**

N.Y. Gen. Bus. Law § 349 ................................................................................................. 2, 7, 9

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq*. ......................... 2

**Rules**

Fed. R. Civ. P. 12(a) ................................................................................................................ 5

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 1

Fed. R. Civ. P. 12(f) ................................................................................................................. 1

Fed. R. Civ. P. 55(b) ................................................................................................................ 1

Fed. R. Civ. P. 55(c) ................................................................................................................ 3

## PRELIMINARY STATEMENT

Plaintiff Carla Barker ("Ms. Barker" or "Plaintiff") moves under Rule 12(f), 12(a)(4), and 55(c) of the Federal Rules of Civil Procedure to strike Defendant Janelle Defreitas's Answer to Plaintiff's Amended Complaint, (ECF No. 247), and to preserve the default entered against Defreitas on March 24, 2022. (ECF No. 245.) Defreitas filed her Answer over three years after this action was commenced and over one year after Plaintiff filed her Amended Complaint. Defreitas's Answer should be stricken because it is egregiously untimely and because Defreitas's default was willful, she has failed to assert any meritorious defenses to Plaintiff's allegations, and prejudice to Plaintiff will result if the Answer is permitted to stand.

Plaintiff also moves under Federal Rule of Civil Procedure 55(b) for a default judgment against Defreitas because the entry of default should not be set aside, and the Court has already determined that Plaintiff's allegations against Defreitas are well-pleaded under a Rule 12(b)(6) standard.

## BACKGROUND

Plaintiff brought this litigation against Defreitas and others over three years ago on January 25, 2019, alleging that Defreitas and the co-defendants engaged in a deceptive and fraudulent scheme that put Plaintiff at risk of losing her family home of over 35 years and stripped the home of equity. (ECF No. 1). Plaintiff properly served Defreitas with a Summons and Complaint on February 5, 2019. (ECF No. 17). Over a year later, on July 6, 2020, after Plaintiff filed a motion to amend the complaint, Defreitas filed a motion to dismiss this action. (ECF No. 148.) The Court denied Defreitas's motion without prejudice because she did not follow the Court's Individual Practice Rules but scheduled a pre-motion conference to allow Defreitas to set forth grounds for her anticipated renewed motion to dismiss. (ECF Minute Order of 8/5/2020.)

On August 19, 2020, Defreitas participated in a pre-motion conference before this Court. (ECF Minute Order of 8/19/2020.) During the conference, Defreitas confirmed her mailing address and email address for proper service going forward, and she consented to entry as an electronic filing user using the email address that she provided to the Court on the record. (*See* ECF No. 171 at 1-2; ECF Minute Order of 8/19/2020 (noting ECF delivery to Janelle Defreitas).) The Court set a briefing schedule for Defreitas's renewed motion to dismiss, ordering Defreitas to "serve, but not file, her motion to dismiss the proposed amended complaint . . . no later than Wednesday, September 9, 2020[.]" (ECF Minute Order of 8/19/2020.)

However, instead of complying with the Court's order, Defreitas filed a "Legal Letter Motion for a Urgent Second Pre-Motion Conference," (ECF No. 170), which the Court denied because "Ms. Defreitas did not otherwise file her motion to dismiss by the so-ordered . . . deadline," and because it "concerns factual disputes . . . references papers supposedly submitted to the court, but which . . . cannot be located . . . and otherwise fails to demonstrate that the amended complaint is legally insufficient." (ECF Minute Order of 10/5/2020.) The Court accordingly "foreclosed [Defreitas] from moving to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6)." (*Id.*) Defreitas did not thereafter attempt to file an Answer to the Complaint.

Plaintiff filed her First Amended Complaint ("FAC") on March 24, 2021, which amended Plaintiff's allegations under New York General Business Law (GBL) § 349 and the Racketeer Influenced and Corrupt Organizations Act (RICO). (ECF No. 174). In particular, Plaintiff maintained her GBL § 349 claim against Defreitas, who continued to be a named defendant. (*Id*. ¶¶ 362-375.) Although Defreitas received notice of the filing of the FAC and a copy of the FAC itself through the ECF system, she did not file an Answer to Plaintiff's FAC and did not attend or participate in any of the subsequent Court conferences. (*See generally*, ECF Docket.) In fact,

Defreitas did not reappear until her virtual deposition on September 24, 2021. (*See* ECF Minute Order of 9/24/2021; Declaration of Belinda Luu ["Luu Dec."] ¶ 4.) On the next business day on September 27, 2021, counsel for Defreitas filed a notice of appearance in this case on her behalf. (ECF No. 205.) Defreitas attended the second day of her virtual deposition on October 4, 2021. (Luu Dec. ¶ 4.) Despite appearing in the case, making multiple failed attempts at dismissal, participating in the discovery process, and retaining counsel, Defreitas never filed a responsive pleading to Plaintiff's FAC. (*See generally*, ECF Docket.) On March 18, 2022, several months after counsel for Defreitas appeared in this case, Plaintiff requested an entry of default against Defreitas. (ECF No. 244.) The Clerk entered Defreitas's default on March 24, 2022. (ECF No. 245.) On March 28, 2022, Defreitas filed an extremely untimely Answer to Plaintiff's FAC. (ECF No. 247.)

## ARGUMENTS

### I. DEFENDANT DEFREITAS'S UNTIMELY ANSWER SHOULD BE STRICKEN.

The Court has more than adequate grounds to strike Defreitas's Answer. Generally, a motion to strike an answer is governed by the same standard that governs a motion to set aside an entry of default for good cause under Rule 55(c), which includes the following factors: "(1) whether the default was willful; (2) whether [the delay in filing] would prejudice the adversary; and (3) whether a meritorious defense is presented, along with [o]ther relevant equitable factors . . . for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would produce a harsh or unfair result." *Skyline Steel, LLC v Pilepro, LLC*, No. 13-CV-8171, 2015 US Dist LEXIS 27436, at *7 (S.D.N.Y. Mar. 5, 2015) (citations and internal quotation marks omitted). Courts have struck a party's answer where the answer was filed late and the party has generally shown a lack of due diligence in the matter. *See*

*U.S. v. U.S. Currency in Sum of Two Hundred Sixty One Thousand Four Hundred and Eight Dollars*, No. 00-CV-3028 (FB), 2002 U.S. Dist. LEXIS 7779, at *5-8 (E.D.N.Y. May 2, 2002) (granting plaintiff's motion to strike answer and declining to exercise discretion "to forgive claimant's late filing or allow claimant to cure the other deficiencies in its submissions").

**A. Defendant's Default Was Willful, Egregious, and Not Satisfactorily Explained.**

In the Second Circuit, willful default refers to conduct that is "'more than merely negligent or careless,' but is instead 'egregious and not satisfactorily explained.'" *Lopez v Mohammed*, No. 14-CV-4443 (PKC) (MDG), 2017 US Dist. LEXIS 157819, at *21 (E.D.N.Y. Sep. 26, 2017) (quoting *Jaramillo v. Vega*, 675 Fed. Appx. 76, 76-77 (2d Cir. 2017) (citations omitted) (finding willful default when defendant did not respond to any of multiple notices of pending claims, and failed to provide a satisfactory explanation as to why defendant did not receive the notices or failed to take action promptly after receiving notice); *see also S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) ("[T]he court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained."); and *Church & Dwight Co. v. Kaloti Enters. of Mich., L.L.C.*, No. 07-CV-0612 (BMC), 2011 U.S. Dist. LEXIS 110955, at *12 (E.D.N.Y. Sep. 27, 2011) (finding willful default where "the record contains multiple examples of [defendant's] unexplained and inexcusable failures to participate in the basic elements of [defendant's] defense").

Defreitas's knowledge of the case and extended delay in answering demonstrate that her default was willful and not merely negligent. Here, Defreitas filed her untimely Answer over three years after this lawsuit was commenced, almost two years after she appeared in the case by filing her first unsuccessful motion to dismiss the proposed amended complaint, over one year after Plaintiff filed the FAC, and several months after she retained counsel to appear on her behalf in

this case. Defreitas has had multiple opportunities to defend this action. Plaintiff properly effectuated service of the summons and complaint upon Defreitas on February 5, 2019, (ECF No. 17 [Affidavit of Service]), but Defreitas did not serve or file a responsive pleading within 21 days of service pursuant to Rule 12(a). She appeared over one year later, on July 6, 2020. (ECF No. 148.) When Defreitas attempted to file a motion to dismiss but failed to comply with the Court's Individual Practice Rules, the Court nevertheless held a lengthy pre-motion conference and granted Defreitas's request to serve a responsive pleading to Plaintiff's Proposed Amended Complaint before it was even filed as an Amended Complaint. (ECF Minute Order of 8/19/2022.) After the Court denied Defreitas's motion to dismiss, Defreitas failed to serve or file a responsive pleading within 14 days pursuant to Rule 12(a)(4)(A).

Defreitas had an additional opportunity to file a responsive pleading when Plaintiff filed her FAC on March 24, 2021, (ECF No. 174), but she failed to serve or file an answer. Finally, even to the extent that Defreitas's delays and deficient submissions could be considered reasonably negligent for a *pro se* litigant, she retained counsel, who appeared in this case on September 27, 2021. (ECF No. 205.) However, even with legal counsel, Defreitas did not file a response to Plaintiff's FAC. Defreitas did not file an answer until six months later, after an entry of default was entered against her. (*See* ECF Nos. 245 [Certificate of Default, dated March 24, 2022]; 247 [Defreitas Verified Answer, dated March 28, 2022].)

Defreitas has offered no coherent explanation for her delay, much less an adequate one. At the Court's May 4, 2022, pre-motion conference, when counsel for Defreitas was pressed about why Defreitas did not file a responsive pleading sooner, the only excuse he offered was that he did not realize that the FAC had already been filed six months prior to his notice of appearance in this case. (*See* Luu Dec. Ex. A [5/4/2022 Transcript] ("Tr."), at 12:8-9.) Counsel for Defreitas did not

5

explain why he entered an appearance on behalf of a party who he evidently understood to be dismissed from the case. (Tr. at 11:25-12:1-3.) In light of Defreitas's egregious delays, despite multiple opportunities to cure her defaults, along with her complete lack of a coherent, much less satisfactory, explanation, must be considered willful.

**B. Defendant Has Not Presented a Meritorious Defense in Her Untimely Answer.**

To establish a meritorious defense, a defendant "bear[s] the burden of presenting evidence establishing a complete defense." *Gesualdi v. Quadrozzi Equip. Leasing Corp.*, No. 11-CV-115 (RJD) (VMS), 2016 US Dist. LEXIS 173713, at *10 (E.D.N.Y. Dec. 15, 2016). Although a defendant "need not establish his defense conclusively . . . he must present evidence of facts that, if proven at trial, would constitute a complete defense." *McNulty*, 137 F.3d at 740; *see also Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001) ("[A] defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense."); *Painewebber, Inc. v. Int'l. Mobile Machs. Corp.*, No. 91-CV-7353, 1992 U.S. Dist. LEXIS 3740, at *5 (S.D.N.Y. Mar. 30, 1992) ("[W]hile an answer need not include a detailed statement of the applicable defenses, a defendant must do more than make conclusory allegations."); *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 430-431 (S.D.N.Y. 2010) (granting motion to strike defendant's affirmative defense of unclean hands because the responsive pleadings "lack[ed] any . . . allegations of inequitable or bad faith conduct by Plaintiff . . . there is no question of fact or law that might allow [Defendant's] unclean hands defense to succeed . . . Thus, there is no question of fact or law that might allow Defendant['s] [unclean hands defense] to succeed"). "Such a defendant must 'articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a serious question as to the validity of those allegations.'" *Lopez*, 2015 US Dist. LEXIS 15235, at *12. "A defense is meritorious if it

is good at law so as to give the factfinder some determination to make." *Maas v. Spencer Leasing Corp.,* No. 12-CV-2951 (ADS) (AKT), 2013 U.S. Dist. LEXIS 134426, at *13 (E.D.N.Y. Sept. 18, 2013).

Here, the Court has found that Plaintiff's FAC sufficiently alleges a GBL § 349 claim. *Barker v. Rokosz*, No. 19-CV-00514 (KAM), 2021 U.S. Dist. LEXIS 51702, at *19-21 (E.D.N.Y. Mar. 18, 2021). Yet, Defreitas does not present any evidence whatsoever in establishing a defense. Rather, her Answer sets forth four conclusory affirmative defenses consisting of one sentence each. (*See* ECF No. 247.) Defreitas does not set forth any facts at all, much less facts that would, if proven at trial, constitute a complete defense to the claim asserted against her. Defreitas' Answer also fails to articulate any defenses or raise any questions as to the validity of the claims and allegations in Plaintiff's FAC. For these reasons, her Answer is insufficient as a matter of law and should be stricken.

### C. Defendant's Delay Will Prejudice Plaintiff.

In considering whether the delay in filing would be prejudicial to Plaintiff, "the court must take into account more than mere delay or passage of time" and must consider whether the delay "'may thwart [the] plaintiff's recovery or remedy,' or 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Lopez v. Traffic Bar & Rest., Inc.*, No. 12-CV-8111 (JCF), 2015 US Dist. LEXIS 15235, at *12-13 (S.D.N.Y. Feb. 9, 2015).

Here, Plaintiff has been litigating this action for over three years. During that time, the Parties have engaged in extensive motion practice and nearly completed discovery. In fact, the Court has issued multiple scheduling orders, decided multiple motions to compel (*see, e.g.*, 6/13/2019 Order, 7/22/2019 Order, 9/3/2019 Order, 9/6/2019 Order, 9/18/2019 Order, 10/29/2019

Order, 10/13/2021 Minute Entry, 12/20/2021 Minute Order, and 3/07/2022 Discovery Conference), and repeatedly extended the end of discovery (*see, e.g.*, 10/6/2021 Minute Entry, 10/13/2021 Minute Entry, 11/12/2021 Minute Order, 12/20/2021 Minute Order, 3/7/2022 Discovery Conference, 3/28/2022 Status Report Order, and 5/24/2022 Minute Order). If Defreitas is allowed to now interpose defenses not previously raised and a cross-claim, Plaintiff and remaining Defendants will have to reevaluate the scope of discovery and explore the factual basis of those claims and defenses. Furthermore, as set forth above, Defreitas's conclusory defenses are devoid of merit. Allowing Defreitas to assert legally insufficient defenses and claims at this stage will only serve to increase the expense and duration of litigation for all Parties.

## II.    A DEFAULT JUDGMENT SHOULD BE ENTERED AGAINST DEFREITAS.

In the Second Circuit, "when determining whether to grant a default judgment, the Court is guided by the same factors which apply to set aside entry of a default." *Maas*, 2013 U.S. Dist. LEXIS 134426, at *11 (citing *Pecarsky*, 249 F.3d at 170-171; *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). A defendant's default "is deemed to constitute a concession of all well pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993). Although "at times the repercussions of default may seem harsh, '[t]he purpose behind default judgments . . . is to allow district courts to manage their dockets efficiently and effectively.'" *Id.* at 161 (quoting *Merill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990).

As set forth *supra* Section I, setting aside the entry of default against Defreitas is not warranted here and her Answer should be stricken because Defreitas's default was willful, she has not asserted any meritorious defenses, and Plaintiff will be prejudiced by setting aside her default. In determining whether prejudice will result if a plaintiff's motion for default judgment is denied,

courts additionally consider whether "there are no additional steps available to secure relief in this Court." *Maas*, 2013 U.S. Dist. LEXIS 134426, at *36 (finding prejudice because the plaintiff would otherwise be unable to recover for the GBL § 349 claim adequately set forth in the complaint); *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 90 (E.D.N.Y. 2020) (Matsumoto, J.) (granting motion for default judgment in favor of plaintiff and noting "plaintiff would be unable to recover for the claims adequately set forth in the complaint.").

Plaintiff has already established that her allegations against Defreitas are well-pleaded. On March 18, 2021, this Court granted Plaintiff's motion to amend her complaint, finding that "the proposed amendment would not be futile and that the Section 349 claim would withstand a motion to dismiss." *Barker*, 2021 U.S. Dist. LEXIS 51702, at *20-21. The Court has thus already analyzed the allegations of Plaintiff's GBL § 349 claim against Defreitas and determined that, accepting all well-pleaded facts as true, Plaintiff stated a plausible claim for relief. (*See id.* at *15) (establishing "amendment is futile when the proposed new claim would not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)"); *see also Maas*, 2013 U.S. Dist. LEXIS 134426, at *32 (entering default judgment against defendant after plaintiff "set forth a valid cause of action under GBL § 349"). Given Plaintiff's well-pleaded FAC and Defreitas's failure to defend the allegations, Plaintiff has established Defreitas's liability and Plaintiff's motion for a default judgment should be granted.

## **CONCLUSION**

For the foregoing reasons, this Court should strike Defendant Defreitas' untimely Answer and grant a default judgment against Defreitas in favor of Plaintiff.

Dated: June 3, 2022
      New York, New York

9

Respectfully Submitted,

**MOBILIZATION FOR JUSTICE, INC.**

By: /s/ Belinda Luu
Belinda Luu
Joseph Rebella
Michael N. Litrownik
100 William Street, 6th Floor
New York, NY 10038
Tel: (212) 417-3700

**RICHMAN LAW & POLICY**

By: /s/ Kim E. Richman
Kim E. Richman
1 Bridge St., Suite 83
Irvington, NY 10533
Tel: (718) 705-4579

*Counsel for Plaintiff*