```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
----------------------------------------X

CARLA BARKER,

              *Plaintiff*,              **ORDER**

   -against-                             19-cv-00514(KAM)(JRC)

IZIA ROKOSZ, et al.,

              *Defendants*.

----------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

        Plaintiff Carla Barker initiated the instant action on January 25, 2019, alleging violations of federal and New York state lending laws. (ECF No. 1, Complaint ("Compl.") ¶¶ 126-191.) On March 24, 2021, Plaintiff filed an amended complaint. (ECF No. 174, Amended Complaint.) Defendant Janelle Defreitas did not answer or otherwise respond to the Amended Complaint, and on March 18, 2022, Plaintiff filed a request for entry of default against Defendant Defreitas, (ECF No. 244), which the Clerk of Court issued on March 24, 2022. (ECF No. 245.) Four days later, on March 28, 2022, Defendant Defreitas filed her answer to the Amended Complaint. (ECF No. 247, Defendant Janelle Defreitas' Answer ("Answer").)

        Presently before the Court are Plaintiff's motion to strike Defreitas' answer and motion for default judgment against Defendant Defreitas, which are opposed. (*See* ECF Nos. 263-1, Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to

1

Strike Defendant Defreitas' Answer and Motion for Default Judgment; 272, Defendant Defreitas' Opposition to Plaintiff's Motion to Strike Defendant Defreitas' Answer and Motion for Default Judgment; 273, Plaintiff's Reply Memorandum of Law in Further Support of Plaintiff's Motion to Strike Defendant Defreitas' Answer and Motion for Default Judgment.)

"[W]here a motion to strike an answer is based on untimeliness . . . such a motion properly arises under the Court's authority to enforce the deadline for filing an answer established by the Fed. R. Civ. P. 12(a) . . . (and any relevant Local Rules of Practice)." *Skyline Steel, LLC v. Pilepro, LLC*, No. 13-cv-8171(JMF), 2015 WL 999981, at *2 (S.D.N.Y. Mar. 5, 2015) (citation omitted) (second ellipses added). "Generally, such a motion is governed by the same standard that governs a motion to set aside an entry of default," meaning that the Court must consider "(1) whether the default was willful; (2) whether the delay in filing would prejudice the adversary; and (3) whether a meritorious defense is presented, along with other relevant equitable factors, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would produce a harsh or unfair result." *Id.* (cleaned up) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)) (other citations omitted). "In weighing those factors, the Court must be mindful that 'strong public policy favors resolving disputes on

2

the merits,' and that, accordingly, 'judgment by default is a drastic remedy to be applied only in extreme circumstances.'" *Id.* (quoting *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001); *Alli v. Steward-Bowden*, No. 11-cv-4952(PKC), 2012 WL 3711581, at *3 (S.D.N.Y. Aug. 24, 2012), *report and recommendation adopted*, 2012 WL 4450987 (S.D.N.Y. Sept. 25, 2012)).

In the instant case, the Court concludes that Defendant Defreitas' lapse in filing a late Answer to Plaintiff's Amended Complaint does not warrant the outsized consequence of striking her answer and foreclosing her opportunity to mount a defense. As to the first willfulness factor, based on Defendant Defreitas' affidavit filed in opposition to Plaintiff's motion to strike and motion for default judgment, (ECF No. [272], Affidavit of Defendant Janelle Defreitas ("Defreitas Aff.")), as well as the representations made to the Court by Ms. Defreitas' counsel, Andrew Black, Esq., during the May 4, 2022 pre-motion conference, the Court finds that Ms. Defretias' delay in filing her Answer was not willful. *See Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (explaining that courts look for "bad faith, or at least something more than mere negligence" to establish willfulness). Notably, Defendant Defreitas was incarcerated on April 19, 2017, did not retain counsel, and was *pro se* until in or about July 2021, (Defreitas Aff. ¶ 11), a few months after the Amended Complaint was filed on March 24, 2021 (Amended Complaint).

3

Further, even after she had retained counsel, Defendant Defreitas was misguided by Mr. Black, who incorrectly advised his client that the action was dismissed as to her on January 2, 2020.[1] Moreover, after the Clerk of Court entered default against Defendant Defreitas on March 24, 2022, (ECF No. [245]), Defendant Defreitas promptly filed her answer, *pro se*, on March 28, 2022. (Answer.)

As to the second factor, prejudice, though it may be true that setting aside any default may postpone resolution and require the parties to expend resources continuing with settlement discussions or litigation, delay alone does not establish prejudice. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993). As to the third meritorious defense factor, though the Court agrees with Plaintiff that Ms. Defretias' Answer sets

---

[1] (*See* ECF No. 259, Transcript of May 4, 2022 Pre-Motion Conference, at 7:8–8:3 ("The Court: [The January 2020 dismissal] was a dismissal without prejudice in any event, and the plaintiff was granted leave to amend to replead. Mr. Black: . . . So at that moment, when I'm looking at the docket . . . it looks like a dismissal, which is what I reported to Ms. Defreitas, because that's what she asked me, she thought she was seeing herself. . . . The Court: Well, let me ask you this, sir. Did you check the rest of the docket to see that the complaint had been amended and it did affect your client? Mr. Black: Between that conversation and the deposition [of Ms. Defreitas], no. I was just involved in the deposition."); 9:7–12:4 ("The Court: . . . [T]he amended complaint was filed in March of 2021, before you entered your notice of appearance [on September 27, 2021]. . . . Now did you check the docket before March 2021 or after March 2021? . . . Mr. Black: I checked the docket before the amended complaint was filed. I have since, obviously, looked at the docket, but apparently missed it. Certainly the first time I'm looking at the docket was when Ms. Defretias thought the case had been dismissed, asked me to confirm that, which I was able to. I really didn't get involved again until her deposition. . . . The Court: And you're telling me as an officer of this Court that you did not bother to check the docket after the amended complaint was filed. So are you saying to me that at the time you appeared for Ms. Defretias' deposition you were not aware that she was still a party? Mr. Black: Correct.").)

4

forth generalized conclusory defenses without facts or law, (*see* Answer ¶¶ 4-7), it was filed *pro se* (presumably because Mr. Black advised Defendant Defreitas that his appearance was "limited" to representing her at the deposition). Further, Defendant Defreitas alleges in her Affidavit that it was Plaintiff who arranged the transaction between Plaintiff and Defendant Izia Rokosz, and that Ms. Defreitas was not a participant in the transaction and did not act as Plaintiff's broker. (Defreitas Aff. at ¶¶ 5–7.) In addition, the Court finds that equitable factors weigh in favor of denying Plaintiff's motions. Defendant Defreitas appeared for her deposition, filed her Answer, though after a significant delay, and has indicated her desire to defend or settle the case. As instructed by the Second Circuit, the Court's preference is to resolve disputes on the merits, not on default. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (noting that the Second Circuit has "expressed a strong preference for resolving disputes on the merits") (quoting *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001)).

Accordingly, Plaintiff's motion to strike and motion for default judgment are respectfully denied, the Clerk of Court is directed to vacate the entry of default against Defendant Defreitas, and Counsel for Plaintiff is respectfully requested to mail a copy of this Order to *pro se* Defendant and file proof of service on the docket.

5

## CONCLUSION

For the foregoing reasons, the Court respectfully **DENIES** Plaintiff's Motion to Strike Defendant Defreitas' Answer and Motion for Default Judgment.

**SO ORDERED.**

DATED:   October 11, 2022
         Brooklyn, New York

                                      _____/s/_____
                                      **HON. KIYO A. MATSUMOTO**
                                      United States District Judge