

100 William Street, 6th Floor
New York, NY 10038
Tel 212-417-3700
Fax 212-417-3890
www.mobilizationforjustice.org

**VIA ECF**

October 12, 2022

The Honorable James R. Cho
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Barker v. Rokosz, et al.*, 19 Civ. 00514 (KAM) (JRC)

Dear Judge Cho:

My office represents Plaintiff Carla Barker in the above-referenced action. We write jointly with counsel for Defendant Izia Rokosz to submit a joint status report setting forth outstanding discovery issues and a proposed schedule for completing discovery, per the Court's September 21, 2022 Order.[1]

### I.     Progress Since the 5/24/22 Discovery Conference

Defendant Defreitas did not attend the May 24, 2022, discovery conference. On October 4 and 12, 2022, Plaintiff's counsel conferred with counsel for Defendant Defreitas on the Court's September 21, 2022 Order. Plaintiff and Defendant Defreitas have agreed to informally exchange certain discovery items by October 26, 2022.

On October 6, 2022, counsel for Plaintiff and Rokosz met and conferred by telephone on remaining discovery issues. The parties have agreed to informally exchange certain documents within the next several weeks. Rokosz also served Requests for Admission on Plaintiff on October 6. The parties were unable to resolve two discovery issues but will continue to meet and confer to resolve or narrow any disputes, which they will raise, if necessary, by joint letter on November 7, 2022. The parties agree that fact discovery should otherwise close by November 7.

### II.     Expert Discovery

Plaintiff's Position:

Plaintiff intends to retain an expert in predatory lending and consumer finance to opine on several merits-related issues in this matter, including the historical practice of lenders forcing low-income borrowers to form business entities and engage in related transactions as a means to evade consumer protection laws and the use of hidden finance charges such as "escrow" holdbacks as

---

[1] Counsel for Defendant Janelle Defreitas did not respond to requests this evening for him to approve the final draft of this letter.

cover for usury. The Court has not previously set a schedule for expert discovery. Plaintiff accordingly respectfully requests that the Court set an expert discovery period to immediately follow the close of fact discovery, as is typical so the expert has the full discovery record to review in forming their opinions. *See* Fed. R. Civ. P. 26(a)(2)(D)(i) (expert reports must be disclosed "at least 90 days before the date set for trial or for the case to be ready for trial."); *Sportvision, Inc. v. MLB Advanced Media, LP*, No 18 Civ. 3025, 2022 WL 92758, at *8-9 (S.D.N.Y. Jan. 10, 2022) (example of expert discovery period following the close of fact discovery). Plaintiff therefore proposes the following schedule for expert discovery, building in a small amount of additional time for the expert reports given the winter holidays:

- Each party shall serve written expert reports 75 days after the close of fact discovery.
- Each party shall serve written rebuttal expert reports, if any, 30 days after service of the written expert reports.
- Expert discovery shall close 30 days after service of rebuttal expert reports, if any. If no rebuttal expert reports are served, expert discovery shall close 30 days after service of the initial written expert report.

Defendant Rokosz's Position:

Defendant Rokosz objects to any expert discovery period. As an initial matter, Plaintiff has had literally years to retain an expert, and Plaintiff's delay should not be rewarded with yet further delays. In addition, Defendant Rokosz does not believe a proposed expert on "predatory lending," as Plaintiff has described it, has any relevant opinions to offer this case. Plaintiff's own amended complaint, at paragraph 37, contains an admission that Defendant Rokosz expected in advance that the loan would be repaid, so these were not predatory loans, and the proposed expert's opinion (which has not been disclosed) is highly likely to be utterly irrelevant. Finally, most of the claims pleaded are simply typical defenses to a mortgage foreclosure that are pleaded as affirmative claims (with civil RICO and General Business Law § 349 being the exceptions). In seeking a separate expert discovery period, Plaintiff, before being granted it, should have to specify on which claim or claims the expert is needed and what issues on which the expert in anticipated to opine, because these mostly statutory claims are not typically substantiated through expert opinion. However, in the event the Court is inclined to grant any expert discovery period, the expert discovery period should commence immediately and should have expert reports due thirty days to forty-five days from today, with rebuttal expert reports due within thirty days thereafter. (The amount of outstanding party discovery is miniscule. Thousands of pages of documents have been exchanged. All parties have been deposed. Only a few documents have yet to be produced. Thus, there is no reason to delay the commencement of the expert discovery period, if there is to be one, because all or virtually all relevant facts have been disclosed and exhibited.)

Respectfully Submitted,

*/s/ Randal Wilhite*
Randal Wilhite
Mobilization for Justice
100 William Street, 6th Floor
New York, NY 10038
Tel: (929) 688-4029

rwilhite@mfjlegal.org

*Attorneys for Plaintiff Carla Barker*


<u>/s/ Jeremy Doberman</u>
Jeremy Doberman
Marc Wohlgemuth & Associates P.C.
21 Remsen Avenue, Suite 301
Monsey, New York 10952
Tel: 845-746-2700 x 8005
jeremyd@marcwlaw.com

*Attorneys for Defendant Izia Rokosz*


cc: All Counsel of Record (by ECF)