United States District Court
Eastern District of New York

------------------------------------X

Carla Barker,

        Plaintiff,                        **Memorandum and Order**

  - against -                              No. 19-cv-514 (KAM)

Izia Rokosz,

        Defendant.

------------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

    Defendant Izia Rokosz has timely moved for reconsideration of the Court's July 8, 2024, order granting in part Plaintiff Carla Barker's motion for summary judgment. (ECF No. 324, Notice Mot. Reconsideration ("Mot.").) Barker opposes Rokosz's motion. (ECF No. 327, Mem. Law Opp'n Def.'s Mot. Reconsideration.) The Court assumes familiarity with the factual and procedural background, which are detailed at length in the Court's summary judgment order. (ECF No. 323, Mem. & Order ("M&O").)

    Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3. *Johnson v. Cty. of Nassau*, 82 F. Supp. 3d 533, 535 (E.D.N.Y. 2015). Reconsideration is appropriate only (1) to account for an intervening change in controlling law or newly available

evidence that likely would have altered the court's decision, (2) to correct a clear error, or (3) to avoid manifest injustice. *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). A party's "disagreement" with the court's "explication of the relevant legal standards and application of the standards to the facts of [the] case" does not satisfy the "clear error" standard. *See McGraw-Hill Global Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 398 (S.D.N.Y. 2018). The "manifest injustice" standard affords the district court substantial discretion and is rarely met. *See Chitkara v. N.Y. Tel. Co.*, 45 F. App'x 53, 55 (2d Cir. 2002).

The standard for reconsideration is "strict" to "dissuade repetitive arguments on issues" the court already "considered fully." *CFTC v. McDonnell*, 321 F. Supp. 3d 366, 367 (E.D.N.Y. 2018) (quoting *Nielsen v. N.Y. City Dep't of Educ.*, No. 04-cv-2182 (NGG), 2007 WL 2743678, at *1 (E.D.N.Y. Sept. 18, 2007)). Thus, the moving party may not rely on information it could have but failed to present before, nor may it simply elaborate on arguments it already made. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

In support of his request for reconsideration, Rokosz first argues that the Court "refused to consider . . . relevant allegations in the Second Amended Complaint," specifically allegations that Barker "intended to rent out the subject

2

premises." (Mot. 4-5 (citing ECF No. 281, 2d Am. Compl. ¶¶ 33, 59, 126).) These allegations alter none of the Court's conclusions. As the Court already explained, even assuming Barker "inten[ded] to rent out part of her home," Rokosz failed to produce admissible evidence from which a reasonable jury could find that the subject loan was 'primarily' for a business purpose." (M&O 36 (quoting 15 U.S.C. § 1602(i)).) The paragraphs Rokosz cites do not establish that the subject loan was "primarily" for a business purpose any more than the parties' Rule 56.1 statements and attached evidence did.

Next, Rokosz argues that the Court misapplied the summary judgment standard. (Mot. 5-10.) Rokosz's mere "disagreement" with the Court's "application" of the summary judgment standard "to the facts of [the] case," is not a basis for reconsideration. *See Mathrani*, 293 F. Supp. 3d at 398. In any event, the Court already explained why the undisputed facts established that the subject loan had primarily a personal purpose rather than a business purpose, and the Court also explained why Defreitas's deposition testimony constituted insufficient evidence to raise a genuine dispute as to that issue. (M&O 33-39.) Moreover, Rokosz's assertion that the Court "revers[ed] . . . the burden of proof" is incorrect. (*See* Mot. 10.) The Court placed the evidentiary burden on Barker and found she submitted admissible evidence that met that burden.

3

(*See* M&O 33-39.)  In noting that Rokosz offered no evidence that Barker stood to generate any income from renting out the subject property, the Court merely pointed out that Rokosz *could have* submitted evidence creating a genuine issue of fact despite the evidence Barker produced, but Rokosz failed to do so.  (*Id.* 34.)

Next, Rokosz argues that the Court erred in finding the subject loan to have primarily a personal purpose.  (Mot. 10-16.)  Rokosz cites administrative guidance stating that credit extended to acquire rental property with more than two housing units will be deemed to be for a business purpose.  (*Id.* 11.)  That guidance is irrelevant.  The subject property is a two-family residential home.  (M&O 6.)  Further, as the Court already explained, (*Id.* 35-36), Rokosz's cited excerpt from Defreitas's deposition testimony does not support Rokosz's repeated assertion that Barker "intended to rent out seven rooms," (*see* Mot. 11 (emphasis removed)).  Rokosz's remaining arguments with respect to the purpose of the loan amount to "disagreement" with the court's "application" of the relevant factors "to the facts of [the] case," which is not a basis for reconsideration.  *See Mathrani*, 293 F. Supp. 3d at 398.  The Court has already extensively analyzed each factor, (M&O 33-39), and Rokosz's motion cites no dispositive facts or controlling authority the Court overlooked that compels contrary findings with respect to any factor.

4

Next, Rokosz argues that the Court "disregarded" his cited authorities and misinterpreted the Truth in Lending Act and the Home Equity and Ownership Protection Act. (Mot. 16-18.) This argument reflects nothing more than Rokosz's "disagreement" with the court's "explication of the relevant legal standards," which is not a basis for reconsideration. *See Mathrani*, 293 F. Supp. 3d at 398. Even the most cursory review of the Court's summary judgment order shows that the Court did not "disregard" Rokosz's key cases – none of which were decided by the Supreme Court or Second Circuit – but rather explained in detail why they did not support his position. (*See* M&O 27-30, 32-33.) In requesting reconsideration, Rokosz cites no intervening Supreme Court or Second Circuit authority bearing on any of the legal conclusions the Court already reached. The Court adheres to its prior interpretation of the relevant statutes, an issue that the parties extensively briefed and to which the Court gave ample consideration. (*See* M&O 21-33.)

Finally, Rokosz argues that the Court misapplied *Aries Financial, LLC v. 12005 142nd St., LLC*, 7 N.Y.S.3d 372 (2d Dep't 2015), to the facts of the instant case, (Mot. 18-21.) Rokosz's "disagreement" with the Court's "application of [*Aries*] to the facts of [the instant] case," is not a basis for reconsideration. *See Mathrani*, 293 F. Supp. 3d at 398. As the Court already explained, Rokosz's conduct was materially

5

identical to the conduct of the lender in *Aries*, which was held as a matter of law to render that lender liable under Section 6-l of the New York Banking Law. (M&O 46-48.) Rokosz's attempt to distinguish *Aries* on the ground that he implemented his policy of lending to corporations to avoid "feel[ing] bad exercising lender's remedies against individuals," (Mot. 19), fails for the reasons the Court already explained, (M&O 32).

Accordingly, the Court denies Rokosz's motion for reconsideration.

**So ordered.**

Dated:  August 22, 2024
        Brooklyn, New York

_____
Kiyo A. Matsumoto
United States District Judge
Eastern District of New York